a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MEETKUMAR PINAKINBHAI                    CIVIL DOCKET NO. 1:25-CV-00448
PATEL #A240088522,                                                    SEC P
Petitioner

VERSUS                                              JUDGE TERRY A. DOUGHTY

MELISSA HARPER ET AL,                   MAGISTRATE JUDGE PEREZ-MONTES
Respondents

_____

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §
2241 (ECF No. 1) filed by pro se Petitioner Meetkumar Patel ("Patel"). Patel is an
immigration detainee at the Central Louisiana ICE Processing Center in Jena,
Louisiana. He challenges the legality of his continued detention.

Because Patel is not entitled to release, his Petition (ECF No. 1) should be
DENIED and DISMISSED WITHOUT PREJUDICE.

I.    Background

Patel alleges that he is a native and citizen of India. ECF No. 1-2 at 2. He was
ordered removed on August 29, 2024. *Id.* Patel asserts that he should be released
under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because ICE has failed to secure a
flight and does not have flights to his country. ECF No. 1-2 at 3.

1

II.    <u>**Law and Analysis**</u>

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689.   According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months.  *Id.*, at 701.  Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him.  *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Patel provides no support for his allegation that ICE is unable to secure a flight to India.  *See Andrade*, 459 F.3d at 543 (noting that aliens must present sufficient evidence and not merely offer conclusory statements)).   When a petitioner comes forward with nothing more than conclusory allegations, he fails to shift the burden to the government under *Zadvydas*.  *See Andrade,* 459 F.3d at 543-44.

Additionally, attachments to the Petition indicate that ICE is "in receipt or expects to receive" travel documents to effectuate Patel's removal.  ECF No. 1-2 at 4.

Patel fails to show that his removal is unlikely to occur in the reasonably foreseeable future.

### III.    Conclusion

Because Patel is not entitled to release, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, May 7, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE